**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM RUSSIA ) | |
| IN THE MATTER OF ) | Misc. No. 08- |
| TALLER, LLC ) | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Russia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Russian authorities who are investigating a case of alleged customs fraud.

EVIDENCE SOUGHT:

The Russian authorities seek information about a company that may reside in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

>  (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the

testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in Russia and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 2/14/08

| | |
|---|---|
| **Prosecutor General's Office**<br>**of the Russian Federation** | **Ms. Mary Ellen Warlow**<br>**Director** |
| 15A Bolshaya Dmitrovka<br>Moscow, GSP-3, 125993, Russia | Office of International Affairs<br>US Department of Justice |
| 25 .05.2007 Our ref. No. __82/2-919-07__ | 1301 New York Ave. NW<br>Washington, D.C., 20005 |
| Your ref. No. _____ | |

Dear Ms. Warlow,

    The Prosecutor General's Office of the Russian Federation present their compliments to the US Department of Justice and, pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of June 17, 1999 between the Russian Federation and the United States of America, have the honour to request legal assistance in criminal case No. 1140/91080 instituted on the signs of crime envisaged by Article 188 part 1 (Contraband) of the Criminal Code of the Russian Federation.
    The Prosecutor General's Office of the Russian Federation guarantee that the documents and data obtained in the course of the request execution will be used for the purposes of the investigation only to ensure it being thorough, comprehensive and impartial and will not cause any harm to the sovereignty, security and public order of the United States of America.
    Please, forward the materials of the executed request to the Prosecutor General's Office of the Russian Federation at: 15A Bolshaya Dmitrovka, Moscow, GSP-3, 125993, Russia.
    The Prosecutor General's Office of the Russian Federation thank you in advance for your cooperation and reiterate their willingness to provide identical or other kind of legal assistance in criminal matters to the law-enforcement agencies of the United States of America in compliance with the international treaties where the Russian Federation and the United States of America are the Parties, and the legislation of the Russian Federation.

Enclosure: in 20 pages

Yours faithfully,

**Head**
**Legal Assistance Department,**
**Main Department for**
**International Legal Cooperation**      /signature/     **A.S. Kupriyanov**

To the competent authorities<br>
of the United States of<br>
America

# REQUEST
## FOR LAW ASSISTANCE

Saint Petersburg                                                   March 29, 2007

The criminal case No. 1140/91080 is being investigated by the Investigation Department of the Investigatory Administration affiliated to North-Western Administration of Internal Affairs on transport.

The present criminal case was brought on August 28, 2006 on the basis of a crime specified in Part 1 of Article 188 of the Criminal Code of the Russian Federation (hereinafter referred to as CC RF). The excerpt from the CC RF is enclosed.

In the course of preliminary investigation it was established that on October 14, 2005 the goods "frozen pig tails", gross weight 23176 kilograms arrived at Sea port of Saint Petersburg on "ATAIR J." motor ship in container No. ALLU 4950483 according to bill of lading No. 013.

On October 18, 2005 the goods cargo customs declaration No. 10216080/181005/0095361 was presented to Baltic customs for the purpose of customs clearance "release for internal consumption".

According to information declared cargo customs declaration No. 10216080/181005/0095361

Consignor of goods - "R-Broker Inc." 913, N.Market st., Suite 1100, Wilmington, DE 19801, USA;

Consignee – Limited Liability Company "Taller" 1 ulitsa Zavodskaya, the town of Priozersk, Leningrad region;

Goods - "frozen pig tails" in the amount of 1919 boxes, gross weight 23176 kilograms, net weight 21853 kilograms.

On October 19, 2005 in process of customs examination it was ascertained that in container No. ALLU 4950483, there is the following goods "bones of animal, presumably pig, with cut off meat, consisting of tail bone and tail, cut along, and parts of presumably hip-bone with attached part of leg, with tendons and glenoid tissues", which does not correspond to data declared in cargo customs declaration No. 10216080/181005/0095361.

Free market-value of goods in container No. ALLU 4950483 at the moment of commission of crime, i.e. October 14, 2005, is 275843 rubles 70 kopecks.

Thus, in area of activity of the Baltic Customs the repeated large-scale movement of goods across the customs border of the Russian Federation was committed executed with inadequate declaring.

Among the documents presented for customs clearance there is customs contract No. 15/08-05 dated August 15, 2005 concluded between Limited Liability Company "Taller" (Russia) and "R-Broker Inc" (USA). Copy of contract is enclosed.

With the purpose of making decision on the criminal case the necessity has appeared to carry out investigative actions in the territory of the United States of America.



2

On the basis of the agreement between the Russian Federation and the United States of America on mutual legal assistance on criminal cases dated June 17, 1999 I ask your favor:

1. To report whether the firm with the following requisites: "R-Broker Inc." 913, N.Market st., Suite 1100, Wilmington, DE 19801, USA is legally registered, and to report if it is entitled to carry out foreign-economic activity;

2. To report if this company is related to delivery of goods under the contract 15/08-05 dated August 15, 2005 concluded between Limited Liability Company "Taller" (Russia) and "R-Broker Inc." (USA).

3. To interrogate the representative of the company "R-Broker Inc." (USA) as a witness to elucidate the following questions:
- according to what document the goods were delivered to the address of "Taller" (Russia);
- what goods were actually delivered to the address of "Taller" (Russia);
- how and when dispatch of this goods was organized.

In connection with peculiarities of Russian legislation I would ask you to observe the following procedure of interrogation:

1. To begin the interrogation with request addressed to a witness to state his name, patronymic, surname, address, date and place of birth.

2. To inform the witness that he/she has the right not to answer any questions, answers for which may be used against him. Then to inform the witness that he/she may be subjected to criminal prosecution if he/she does not truly answer all the other questions of the competent Russian bodies.

3. To ask witness the questions, answers to which competent Russian bodies would like to receive.

4. To record all the data reported by the witness in the form of protocol. The protocol shall include:
a) personal data, reported by the witness;
b) fact of notifying witness by authorities of the United States of America that he/she has the right not to answer any questions, answers for which may be used against him but he/she shall truly answer all the other questions, otherwise he/she will be subject to criminal sanction.
c) the questions made and answers received.

5. Then to make one of two actions: to read written questions to the witness or to ask him to read the protocol including all the questions and answers just written down.

6. To specify in the protocol if questions and answers were read to the witness by public agent of the United States of America or he read them himself.

7. To record if the witness agreed with the text of protocol read to him/her or was read by himself/herself, and if he/she does not agree, to mark what amendments or additions were to be inserted into the protocol in the witness's judgment.

8. To ask the witness to append his/her signature under the signature of representative of authorities of the United States of America to certify the truth of information stated.

Before the interrogation I would ask you to inform the witness about his/her rights and obligations of a witness stipulated by Article 56 of the Criminal Procedural Code of the Russian Federation, general rules of interrogation stipulated by Article 189 of the Criminal Procedural Code of the Russian Federation, protocol of interrogation stipulated by Article 190 of the Criminal Procedural Code of the Russian Federation, to warn him/her about criminal liability specified in Article 307 of CC RF for wittingly giving false evidence, in Article 308 of CC RF for refusal from giving evidence and in Article 310 of CC RF for the disclosure of information of a preliminary investigation, if it does not conflict with the legislation of the United States of America. Full text of the above listed Articles is also enclosed with this commission.

"Балтийский альянс" переводчиком
[signature]

3

      I would ask you to send the results of the execution of the present assignment to the address of the Committee of Investigation affiliated to the Ministry of Internal Affairs of Russia (103009, Moscow, Gazetny lane, 6). Should the delay with the execution of the assignment happen and also in case of complete or partial rejection of rendering law assistance I would ask you to immediately inform the Russian party about the fact.

      Information, which the present commission contains is confidential and is intended exceptionally for official use, as it constitutes secret of investigation.

      On our part we guarantee that data obtained by us as a result of execution of this assignment is not to be revealed to third persons and will only be used in the interests of the criminal case investigation.

      Having the opportunity, I express our assurance of high respect and being ready to render mutual legal assistance within the limits of the above mentioned Agreement.

Contact phone numbers in Saint Petersburg: (812) 768-38-17, fax (812) 767-15-01

Senior investigator of Investigation Department of the Investigatory Administration affiliated to North-Western Administration of Internal Affairs on transport
Captain of Justice        (Signature)        S.A. Kovaliova

# EXTRACT FROM THE CRIMINAL CODE
# OF THE RUSSIAN FEDERATION

**Article 188.** Contraband
1. Contraband, that is moving of the goods or other subjects on a large scale across the customs border of the Russian Federation, except for those specified in part two of the present article, accomplished with concealment or avoiding the customs control or with fraudulent use of documents or means of customs identification or interfaced with undeclaring or unauthentic declaring - is punished by imprisonment for a term of up to five years.
2. Moving across the customs border of the Russian Federation of narcotics, psychotropic, strong, poisonous, poisoning, radioactive materials or explosives, arms, fire-arms or ammunition, nuclear, chemical, biological and other kinds of the weapons of mass destruction, materials and equipment which can be used at creation of the weapons of mass destruction and concerning which special rules of moving across the customs border of the Russian Federation are established, strategically important raw goods and cultural valuables concerning which special rules of moving across the customs border of the Russian Federation are established, if these acts are accomplished with concealment or avoiding the customs control or with fraudulent use of documents or means of customs identification or is interfaced with undeclaring or unauthentic declaring - is punished by imprisonment for a term of three to seven years with the penalty at a rate of one million rubles.
3. The acts stipulated by the parts one or two of the present Article which are accomplished:
    a) has become invalid;
    b) by an official with the use of his official status;
    c) with employment of violence towards the person who carries out the customs control - are punished by imprisonment for a term of five to ten years with the penalty at a rate of one million rubles.
4. The acts stipulated by the parts one, two or three of the present Article, accomplished by an organized group - are punished by imprisonment for a term of seven to twelve years with the penalty at a rate of one million rubles.

**Article 307.** Wittingly false evidence, certificate of examination of an expert or a specialist or incorrect translation.
1. Wittingly false evidence of a witness, victim or false certificate of examination or evidence of an expert or a specialist as well as wittingly incorrect translation in the court or during preliminary investigation procedures -
are punished by the penalty at a rate of up to eighty thousand rubles or at a rate of a payment or some other income of a convict for a period of up to six months, or by forced labor for a term of one hundred and eighty hours to two hundred and forty hours, or by corrective labor for a term of up to two years, or by an arrest for a term of up to three months.
2. Same acts of a person interfaced with an accusation of a grave crime or a highly grave crime commitment –
are punished by imprisonment for a term of up to five years.
    Note. A witness, a victim, an expert, a specialist or an interpreter are discharged from criminal responsibility if they had voluntarily declared their false evidence, certificate of examination or wittingly incorrect translation in the course of an inquiry, a preliminary investigation or court proceedings before a decision of a court or a court judgment was awarded.

**Article 308.** Refusal of a witness or a victim to give evidence

Refusal of a witness or a victim to give evidence –

is punished by the penalty at a rate of up to forty thousand rubles or at a rate of remuneration or some other income of a convict for a period of up to three months, or by forced labor for a term of one hundred and twenty hours to one hundred and eighty hours, or by corrective labor for a term of up to one year, or by an arrest for a term of up to three months.

    Note. A person is discharged from criminal responsibility for the refusal to witness against himself, his spouse or his close relatives.

**Article 310.** Disclosure of information of a preliminary investigation

Disclosure of information of a preliminary investigation by a person that has been warned of inadmissibility of this by a procedure provided for by a law, if committed without consent of a public prosecutor, an investigator or a person in charge of an inquiry –

is punished by the penalty at a rate of up to eighty thousand rubles or at a rate of a remuneration or some other income of a convict for a period of up to six months, or by corrective labor for a term of up to two years, or by an arrest for a term of up to three months.

Senior investigator of Investigation Department of the Investigatory Administration affiliated to North-Western Administration of Internal Affairs on transport
Captain of Justice            (Signature)           S.A. Kovaliova

## EXTRACT FROM THE CRIMINAL PROCEDURAL CODE OF THE RUSSIAN FEDERATION

**Article 56.** A witness

1. A witness is a person summoned to the court to give evidence that may be aware of some circumstances which are important for the investigation and criminal case resolution.
2. Summons and interrogation of witnesses are carried out with the use of the procedure stipulated by Articles 187-191 of the present Code.
3. Following persons are not liable to be interrogated as witnesses:
   1) a judge, a juryman – about the circumstances of a criminal case they became aware of due to their participation in the proceedings of a given criminal case;
   2) a defense counsel of a suspect or a convict - about the circumstances he became aware of due to his participation in the proceedings of a criminal case;
   3) an advocate - about the circumstances he became aware of due to rendering juridical help;
   4) a clergyman - about the circumstances he became aware of from a confession;
   5) a member of the Soviet of the Federation, a deputy of the State Duma without their consent - about the circumstances they became aware of due to execution of their powers.
4. A witness has the right:
   1) to refuse from witnessing against himself, his (her) spouse or his (her) close relatives, the circle of which is stipulated by Paragraph 4 of Article 5 of the present Code. Should a witness grant his consent to give evidence he must be warned of his evidence possibly being used as proofs in a criminal case even if he later refuses from this evidence;
   2) to testify in his native language or the one he can speak;
   3) to get help from an interpreter free of charge;
   4) file an objection to an interpreter taking part in his interrogation;
   5) make motions and file complaints about actions (absence of actions) and decisions of an inquirer, an investigator, a public prosecutor and a court;
   6) arrive for interrogation with an advocate according to Part five of Article 189 of the present Code;
   7) make motions for security measures to be taken which is stipulated by Part 3 of Article 11 of the present Code;
5. A witness cannot be forced to undergo a judicial expertise or examination except for the cases stipulated by Part One of Article 179 of the present Code.
6. A witness has no right:
   1) to evade from being present in accordance with a subpoena received from an inquirer, an investigator, a public prosecutor or from court;
   2) to give wittingly false evidence or to refuse from giving evidence;
   3) to disclose the information of a preliminary investigation, he became aware of due to his participation in the proceedings of a criminal case if he had been warned beforehand according to the procedure stipulated by Article 161 of the present Code.
7. Should a witness evade from being present without valid reasons, he may be brought by force.
8. A witness giving wittingly false evidence or refusing from giving evidence should bear responsibility in accordance with Articles 307 and 308 of the Criminal Code of the Russian Federation.
9. A witness disclosing the information of a preliminary investigation should bear responsibility in accordance with Article 310 of the Criminal Code of the Russian Federation.

**Article 189.** General rules of conduction of interrogation
1. Before interrogation legal investigator fulfils requirements stipulated by part four of article 164 of this Code. If legal investigator has doubts that the interrogated person masters the language of conduction of criminal proceedings he ascertains the language which the interrogated person wishes to give evidence.
2. Leading questions are prohibited. In all other respects legal investigator is free in choosing interrogation tactics.
3. Interrogated person has the right to use documents and records.
4. According to investigator's initiative or petition of the interrogated person photo, audio and /or video records may be made in process of interrogation, materials of which are stored in criminal case and seal up after termination of preliminary investigation.
5. If witness comes to interrogation with lawyer invited for rendering legal assistance than the lawyer is present at the interrogation but has no right to ask questions to witness and comment the answers. On completion of interrogation the lawyer has the right to make statements on violation of rights and legitimate interests of witness. The mentioned statements are subject to be entered in the protocol of interrogation.

**Article 190.** Protocol of interrogation
1. Process and results of interrogation are fixed in the protocol drawn up in accordance with articles 166 and 167 of the present Code.
2. Prejudicial evidence of the interrogated person is recorded from the first person and word for word if possible. Questions and answers are written down according to the same sequence, which took place during the interrogation. All the questions are entered in the protocol, including those rejected by investigator and those questions, which the interrogated person denied to answer with statement of rejection causes.
3. If in process of interrogation the interrogated person was presented exhibits and documents, protocols of other investigative actions were read and materials of audio and video records and filming of investigative actions were reproduced the appropriate record is made in protocol of investigation. The protocol shall also state evidence of interrogated person given at that moment.
4. If in process of interrogation photographing, audio and (or) video record and filming were made the protocol shall include:
1) entry of photographing, audio and (or) video record and filming;
2) data of technical means, conditions of photographing, audio and (or) video record and filming and fact of interruption of audio and (or) video record and filming, cause and durability of record interruption;
3) statements of interrogated person concerning conduction of photographing, audio and (or) video record and filming;
4) signatures of interrogated person and investigator, certifying the truth of protocol.
5. The interrogated person may in process of interrogation make schemes, drawings, diagrams which are attached to the protocol, record of which fact is made herein.
6. On completion of interrogation the protocol is presented to the interrogated person for reading or, by his/her request, is announced by investigator, appropriate record of which fact is made in the protocol. Request of the interrogated person on additions or adjustments of the protocol are subject to obligatory satisfaction.
7. All the persons participating in interrogation are stated in the protocol. Each of them shall sign the protocol, as well as all the additions and adjustments to it.

8

8. The interrogated person certifies the fact of examination of evidence and truth of its record by his/her signature at the end of the protocol. The interrogated person also signs each page of the protocol.

9. Rejection of signing interrogation protocol or impossibility of its signing by persons participating in the interrogation is certified according to Article 16 of the present Code.

Senior investigator of Investigation Department of the Investigatory Administration affiliated to North-Western Administration of Internal Affairs on transport
Captain of Justice                    (Signature)                S.A. Kovaliova

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM RUSSIA IN THE MATTER OF TALLER, LLC | ) ) ) Misc No. 08- ) |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Russia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Russia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Russian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Russia, which procedures may be specified in the request or provided by the Russian authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Russian authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2008.

_____
United States District Court Judge